**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190081-U

Order filed October 5, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0081 Circuit No. 08-CF-2120 |
| FERLIMO L. MORRIS, | ) ) ) | Honorable Sarah-Marie F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justice Daugherity concurred in the judgment.
Justice Schmidt dissented.

**ORDER**

¶ 1     *Held*:   The circuit court erred by denying defendant's amended postconviction petition at the second stage of proceedings where the petition alleged that trial counsel and appellate counsel provided ineffective assistance by failing to argue that defendant's convictions should be reversed because a juror, who had been excused for cause during *voir dire*, was nonetheless seated on the jury, participated in deliberations, and signed the verdict forms.

¶ 2     Defendant, Ferlimo L. Morris, appeals his conviction for aggravated criminal sexual

assault. Defendant argues the Will County circuit court erred by denying his amended

postconviction petition at the second stage of postconviction proceedings where his petition made a substantial showing that (1) trial counsel and appellate counsel provided ineffective assistance by failing to argue that defendant's conviction should be reversed because a juror, who had been excused for cause during *voir dire*, was seated on the jury, participated in deliberations, and signed the verdict forms, and that (2) appellate counsel provided ineffective assistance for failing to argue that defendant's conviction was based on an improper double enhancement. We reverse and remand.

¶ 3                                 I. BACKGROUND

¶ 4        On September 3, 2008, the State charged defendant with aggravated criminal sexual assault (720 ILCS 5/12-14(a)(4) (West 2008)), criminal sexual assault (*id.* § 12-13(a)(1)), and unlawful restraint (*id.* § 10-3(a)).

¶ 5        During *voir dire*, the court asked the potential jurors whether the nature of the charges brought against defendant would impact their ability to be fair and impartial. Potential juror Richard Schrishuhn answered, "I believe yes." The court followed up, asking, "It may affect you based on the nature of the charges?" Schrishuhn replied, "Yes." Three other potential jurors responded similarly. Defense counsel asked that the court remove Schrishuhn and the other three potential jurors for cause. The court granted the request, saying, "On each of those four individuals ***, defense motion for cause is granted, State raising no objection." However, the record shows that Schrishuhn subsequently sat on the jury, participated in deliberations, and signed the final verdict forms that found defendant guilty of the charged offenses.

¶ 6        The court sentenced defendant to 60 years' imprisonment for aggravated criminal sexual assault, 30 years' imprisonment for criminal sexual assault, and 6 years' imprisonment for unlawful restraint, to be served concurrently.

2

¶ 7    On October 28, 2011, on direct appeal, we vacated defendant's convictions for criminal sexual assault and unlawful restraint for violating the one-act, one-crime doctrine, but otherwise affirmed the circuit court's judgment. *People v. Morris*, 2011 IL App (3d) 100096-U, ¶¶ 21, 26.

¶ 8    On March 14, 2012, defendant, as a self-represented litigant, filed a postconviction petition, alleging that appellate counsel was ineffective for failing to argue on direct appeal that defendant's aggravated criminal sexual assault conviction should be reversed because Schrishuhn participated in jury deliberations and signed the verdict forms, even though the court previously excused him for cause. Defendant also alleged that appellate counsel was ineffective for failing to argue on direct appeal that the aggravated criminal sexual assault conviction was based on an improper double enhancement. The circuit court dismissed the petition, finding it patently without merit.

¶ 9    On December 4, 2013, we held that defendant's postconviction petition presented the gist of a constitutional claim and remanded the cause for second-stage postconviction proceedings (725 ILCS 5/122-1 *et seq.* (West 2012)). *People v. Morris*, 2013 IL App (3d) 120464-U, ¶¶ 17-18.

¶ 10    On September 30, 2015, defendant filed an amended postconviction petition alleging, *inter alia*, that trial counsel and appellate counsel were ineffective for failing to argue that Schrishuhn wrongly served on the jury, partook in deliberations, and signed the verdict forms, and that appellate counsel was ineffective for failing to argue the aggravated criminal sexual assault conviction was based on an improper double enhancement. The circuit court denied the amended petition, finding defendant failed to make a substantial showing that his constitutional rights were violated. Defendant appeals.

¶ 11                                II. ANALYSIS

¶ 12    Defendant argues the circuit court erred in dismissing his amended postconviction petition, which alleged that (1) trial counsel and appellate counsel provided ineffective assistance by failing to argue that defendant's conviction should be reversed because Schrishuhn was seated on the jury, participated in deliberations, and signed the verdict forms after the circuit court previously excused him for cause, and that (2) appellate counsel was ineffective for failing to argue that defendant's conviction was the result of an improper double enhancement. We agree with defendant's first argument and reverse his conviction and remand for a new trial. We do not reach defendant's second argument.

¶ 13    The Post-Conviction Hearing Act (Act) provides a three-stage process through which a criminal defendant may challenge the substantial denial of his constitutional rights during the proceedings that led to his conviction. 725 ILCS 5/122-1(a)(1) (West 2012); *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001). At the first stage, the court shall dismiss a postconviction petition if it "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012); *Edwards*, 197 Ill. 2d at 244. "During the second stage, the petitioner bears the burden of making a substantial showing of a constitutional violation." *People v. Domagala*, 2013 IL 113688, ¶ 35. However, the court rules only on the legal sufficiency of the petition's allegations; it does not resolve evidentiary questions at this stage. *Id.* "If the petitioner makes the requisite substantial showing that his constitutional rights were violated, he is entitled to a third stage evidentiary hearing." *Id.* ¶ 34. "The dismissal of a postconviction petition is warranted at the second stage of the proceedings only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Hall*, 217 Ill. 2d 324, 334 (2005). "At that stage, all factual allegations that are not positively rebutted by the

4

record are accepted as true." *Id.* We review *de novo* the dismissal of a postconviction petition without an evidentiary hearing. *Id.*

¶ 14    When considering a defendant's ineffective assistance of counsel claim, we utilize the two-prong test laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 209 Ill. 2d 194, 219 (2004). This test also applies to ineffective assistance of appellate counsel claims. *People v. Johnson*, 205 Ill. 2d 381, 405 (2002). "A defendant who claims that appellate counsel was ineffective must show that the failure to raise an issue on appeal was objectively unreasonable and this decision prejudiced the defendant." *Id.* at 405-06. "More specifically, a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Cathey*, 2012 IL 111746, ¶ 23 (quoting *Strickland*, 466 U.S. at 694).

¶ 15    In *People v. Babbington*, 286 Ill. App. 3d 724, 731 (1997), prior to jury deliberations, the circuit court dismissed the three alternate jurors and informed them they would not be deliberating with the jury because the regular jurors were healthy and able to stay through the trial. *Id.* However, the record showed that one of the excused alternate jurors signed the verdict forms, while one of the regular jurors did not. *Id.* at 731-32. When the circuit court polled the jury, the trial transcript showed that 13 jurors orally assented to the verdict—the 12 regular jurors and the excused alternate juror who signed the verdict forms. *Id.* at 732. On appeal, the First District held that the excused alternate juror's participation in deliberations denied the defendant a fair trial. *Id.* at 733-34. In so holding, the court determined, "[I]t is clear that [the excused alternate juror] participated in the deliberations since she signed the verdict forms and responded

5

to the judge's polling. We, therefore, cannot say that her presence had no impact on the jury's verdict." *Id.* at 735.

¶ 16   The same is true here, as Schrishuhn clearly participated in jury deliberations, as demonstrated by his signature on all three verdict forms, despite the fact that the court removed him for cause during *voir dire* for saying that the offenses charged may impact his ability to remain a fair and impartial juror. Because Schrishuhn participated in jury deliberations, we cannot say his presence had no impact on the verdict. See *id.* Thus, defendant was denied his right to a fair trial.

¶ 17   The State argues *Babbington* is distinguishable from the instant case because defendant was tried by 12 jurors, there was no evidence of confusion regarding which jurors should render a verdict, and all the jurors stated they would be fair, listen to the evidence and arguments presented, and apply the jury instructions to the facts of the case. While the State's assertions regarding the number of jurors who deliberated in the instant case and the lack of confusion regarding which jurors deliberated are correct, these distinctions have no bearing on the fact that Schrishuhn—who was excused for cause during *voir dire* after indicating that he could not be a fair and impartial juror due to the charges brought against defendant—participated in jury deliberations and signed the verdict forms, just as the *Babbington* alternate juror engaged in deliberations and signed the verdict forms after being excused. See *Babbington*, 286 Ill. App. 3d at 733. Additionally, the State's contention that the jurors said they would be fair, listen to the evidence and arguments, and apply the jury instructions to the facts ignores the very exchange that led to Schrishuhn's dismissal. During *voir dire*, the court asked the potential jurors, "Is there anything about the nature of any of the charges or this particular charge that would affect your ability to be a fair and *** impartial juror?" To this, Schrishuhn answered, "I believe yes." The

court then asked, "It may affect you based on the nature of the charges?" Schrishuhn replied, "Yes." This interaction demonstrably refutes the presumption that Schrishuhn acted as an unbiased juror when he participated in deliberations and signed the verdict forms.

¶ 18      The State argues that this case is more analogous to *People v. Metcalfe*, 202 Ill. 2d 544, 548-50 (2002), where a potential juror, who stated during *voir dire* that her previous experience as a witness and victim in a criminal case impacted her ability to be a fair juror, was seated on the jury because defense counsel failed to have her removed. Our supreme court held that the circuit court had no obligation to remove the juror *sua sponte*, and that there was "absolutely no evidence that [the juror's] bias against the system was directed at defendant and not the State," such that they could not say the result would have been different absent the juror in question. *Id.* at 562-63.

¶ 19      Here, we know the challenged juror's bias was directed at defendant because Schrishuhn said that the nature of the charges against defendant may prevent him from being fair and impartial. Further, unlike in *Metcalfe*, defense counsel did move to have Schrishuhn excused, and the court granted the motion, removing Schrishuhn and three other potential jurors with similar biases. Thus, *Metcalfe* is distinguishable, as the *Metcalfe* juror was neither challenged by counsel nor removed by the court prior to being seated on the jury and participating in deliberations.

¶ 20      Defendant received ineffective assistance of trial and appellate counsel, as both failed to raise this issue in the respective proceedings. Under the prevailing professional norms, both attorneys provided objectively unreasonable performance in failing to challenge Schrishuhn's continued jury service, participation in deliberations, and signing of the verdict forms. See *Cathey*, 2012 IL 111746, ¶ 23. This error was especially damaging as it affected defendant's

7

constitutional right to a fair trial. Furthermore, defendant suffered prejudice from the failure of both attorneys to raise this issue. Trial counsel's failure to object to this issue subjected defendant to a biased jury and caused him to forfeit this issue for appellate review. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Appellate counsel's failure to raise this issue on direct appeal, even if it was forfeited and subject to plain error review, caused defendant prejudice as there was a reasonable probability that this court would have reversed defendant's conviction and remanded for a new trial.

¶ 21    We conclude that defendant has made a substantial showing of a violation of his constitutional right to the effective assistance of trial and appellate counsel, such that his amended successive petition should be advanced to the third stage of proceedings. See *Hall*, 217 Ill. 2d at 334; *Johnson*, 205 Ill. 2d at 405. However, the nature of defendant's claim requires no substantial fact-finding or credibility determinations, which is third-stage evidentiary hearing's purpose. See *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). The record clearly shows that Schrishuhn admitted that the nature of the charges brought against defendant might negatively impact his ability to be an impartial juror and the court granted defense counsel's motion to excuse him for cause, but Schrishuhn was nonetheless seated on the jury, participated in deliberations, and signed the final verdict forms. From these facts we know that defendant was denied a fair trial, as the jury that convicted him included an individual who previously confessed bias against defendant and was removed for cause during *voir dire*. Accordingly, third-stage proceedings are unnecessary, and we reverse defendant's conviction and remand for a new trial.

¶ 22    We reject the dissent's suggestions that our conclusion relies on facts not in the record and inferences that do not flow from the evidence. The conclusions stated above derive from

8

defendant's second-stage postconviction petition and our independent review of the record. The dissent seems to overlook the requirement that we must accept all facts alleged in the second-stage petition as true, unless rebutted by the record. *Hall*, 217 Ill. 2d at 334. We reiterate, defendant's petition alleged that Schrishuhn, who as a potential juror expressed concern that he could not be fair and impartial and was removed for cause, somehow went unnoticed after his excusal and *served* on the jury. These facts are not only not rebutted by the record but are so conclusively established by the record that they justify granting postconviction relief without need for a third-stage evidentiary hearing. *Supra* ¶ 21.

¶ 23    The dissent more specifically suggests that defendant cannot establish prejudice sufficient for a finding of ineffective assistance of counsel because Schrishuhn's statement failed to unequivocally demonstrate bias against defendant because he could have been biased against the State. At best, Schrishuhn's statement of impartiality was ambiguous. However, the nature of Schrishuhn's bias is immaterial because any juror bias is a constitutional problem. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2; see also *People v. Eckert*, 194 Ill. App. 3d 667, 673 (1990) (a defendant's right to an unbiased, open-minded trier of fact is rooted in the constitutional guaranty of due process of law and entitles a defendant to a fair and impartial trial). The constitution requires that a defendant be tried before an impartial and unbiased jury, that is, one "capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). Our supreme court explains "Trial before a biased tribunal would deprive defendant of a substantial right and constitute structural error requiring reversal." *People v. Runge*, 234 Ill. 2d 68, 102 (2009); see also *People v. Glasper*, 234 Ill. 2d 173, 200-01 (2009). Contrary to the dissent's argument, we cannot confidently say that the jury solely decided the case on the evidence before it because a juror, *who had been excused for cause due*

9

*to a statement acknowledging partiality*, participated in deliberations and signed the verdict forms. If this issue had been raised in defendant's direct appeal, it would have been subject to automatic reversal because it is a structural error. See *People v. Thompson*, 238 Ill. 2d 598, 608 (2010) ("Structural errors are systemic, serving to erode the integrity of the judicial process and undermine the fairness of the defendant's trial.") (Internal quotation marks omitted.); *People v. Rivera*, 227 Ill. 2d 1, 20 (2007) (holding a trial before a biased tribunal would constitute a structural error). Therefore, the same error, raised in the context of a postconviction claim of ineffective assistance of trial counsel, more than satisfies the prejudice requirement of the *Strickland* analysis.

¶ 24                                    III. CONCLUSION

¶ 25        The judgment of the circuit court of Will County is reversed and remanded.

¶ 26        Reversed and remanded.

¶ 27        JUSTICE SCHMIDT, dissenting:

¶ 28        The majority assumes facts not in the record and draws inferences that do not necessarily flow from the evidence. Based on these erroneous findings, the majority contravenes the Post-Conviction Hearing Act, taking it upon itself to grant defendant a new trial. Accordingly, I dissent.

¶ 29        Defendant raises his claim in the context of ineffective assistance of counsel. It is a common refrain that to establish such a claim requires a showing of deficient performance and prejudice. Defendant has failed to establish the latter.

¶ 30        My colleagues find prejudice in this matter, stating that it is presumptively clear that the juror's statements indicate a bias against defendant. See *supra* ¶ 19 ("Here, we know the challenged juror's bias was directed at defendant because Schrishuhn said that the nature of the charges against defendant may prevent him from being fair and impartial."). Absent clairvoyance,

10

the juror's statement that he was unable to remain impartial based on the nature of the charges fails to unequivocally demonstrate bias against defendant. See *Metcalfe*, 202 Ill. 2d at 562-63 (noting there was "absolutely no evidence that [the juror's] bias against the system was directed at defendant and not the State" and consequently the court could not find the result of the proceedings would have been different absent the juror). Similar to *Metcalfe*, there is no evidence here demonstrating which side the juror harbored bias against. Contrary to the majority's assertion, the juror may have had a life experience where the nature of these charges actually biased him against the State. In that scenario, common sense dictates defendant was not prejudiced.

¶ 31 Moreover, the State is correct that *Babbington* is distinguishable from the instant case. Had defendant contended that he was denied a fair trial as in *Babbington*, a finding that defendant waived that argument would be the inevitable end result. See *People v. Escobedo*, 151 Ill. App. 3d 69 (1986) (finding that by failing to recognize and call the court's attention to juror who was challenged and removed during *voir dire*, defendant waived issue for purposes of appeal); *People v. Patterson*, 163 Ill. App. 3d 370 (1987) (finding defendant waived challenge to participation of excused juror by not objecting during trial or in a posttrial motion). *Babbington* does not stand for the proposition of presuming prejudice in an ineffective assistance of counsel claim.

¶ 32 In response to this dissent, the majority opines that "the nature of Schrishuhn's bias is immaterial because any juror bias is a constitutional problem." *Supra* ¶ 23. The majority goes on to state that if defendant had simply framed the issue as a violation of his constitutional right to an impartial jury on direct appeal, the result would have been a reversal due to the structural error. See *supra* ¶ 23. Unfortunately for defendant this is not his direct appeal. He failed to properly preserve the "constitutional problem" that the majority now conflates with the prejudice prong of his ineffective assistance of counsel claim.

11

¶ 33    As explained above, defendant is likely aware the argument regarding Schrishuhn participating in his trial has been waived absent the context of an ineffective assistance of counsel claim. See *supra* ¶ 31. The prejudice prong of the claim he *actually* presents to this court requires a defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Removing a juror that harbored bias against the State would not change the result of the proceedings.

¶ 34    Just as in *Weaver v. Massachusetts*, 582 U.S. ____, ____, 137 S. Ct. 1899, 1910-11 (2017), we should decline to presume "*Strickland* prejudice" where defendant failed to preserve a structural error for direct review, instead, raising the error later in a collateral proceeding in the context of ineffective assistance of counsel. Rather, the majority adopts the position advanced by the dissent in *Weaver*, eviscerating the prejudice prong of the ineffective assistance of counsel claim in the presence of an unpreserved structural error, (*Id.* at ____, 137 S. Ct. at 1916 (Breyer, J., dissenting, joined by Kagan, J.)) and casting aside the Court's admonishment that "the rules governing ineffective-assistance claims 'must be applied with scrupulous care.' " *Id.* at ____, 137 S. Ct. at 1912 (quoting *Premo v. Moore*, 562 U.S. 115, 122 (2011)).

¶ 35    Since I lack the majority's obvious clairvoyance, I would remand this matter for a third-stage proceeding to develop a record as to where the juror's bias actually lies.